**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 6, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAN ANDERSON,

    Defendant - Appellant.

No. 04-3192
(D. Kansas)
(D.Ct. Nos. 03-CV-3009-JWL &
98-CR-20030-01-JWL)

ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Dan Anderson, requests a certificate of appealability (COA)[1] to enable an appeal of the district court's denial of his habeas corpus petition under 28 U.S.C.

---

[1] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B).

§ 2255. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we see no basis for an appeal and DENY a COA.

The underlying facts of Anderson's convictions are found in *United States v. McClatchey*, 217 F.3d 823 (10th Cir. 2000), and *United States v. LaHue*, 261 F.3d 993 (10th Cir. 2001). In particular, Anderson, along with five other defendants, was charged with various violations of the Medicare Anti-Kickback statute, 42 U.S.C. § 1320a-7b(b), and conspiracy in violation of 18 U.S.C. § 371.[2] After a nine-week jury trial, Anderson was convicted on April 5, 1999, of conspiracy and one violation of the Medicare Anti-Kickback statute. The district court subsequently sentenced Anderson to fifty-one months in prison, a $75,000 fine, and three years of supervised release. *LaHue*, 261 F.3d at 1001-02. Anderson's sentence was affirmed on direct appeal. *Id.* at 1016.

Anderson later filed a § 2255 habeas petition asserting various claims under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Brady v. Maryland*, 373 U.S.

---

[2] 18 U.S.C. § 371 reads as follows:

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

83 (1963). The district court found Anderson's *Apprendi* claim to be without merit because he was sentenced below the statutory maximum. The court, however, did allow Anderson to conduct further discovery on the allegation that a government witness, Sarah Grim, had an undisclosed prior relationship with law enforcement which could have been used to impeach her testimony. After conducting an evidentiary hearing, the court ultimately denied Anderson's habeas petition on March 25, 2004. The court also denied Anderson's request for a COA.

Anderson now asserts the district court (1) violated *Blakely v. Washington*, --U.S.--, 124 S.Ct. 2531 (2004), by calculating his offense level on facts neither charged in the indictment nor determined by a jury beyond a reasonable doubt[3] and (2) erred in concluding the Government did not violate the dictates of *Brady* in light of substantial evidence that the Government failed to disclose evidence that Grim cultivated relationships with the federal government prior to Anderson's trial.

A COA is a jurisdictional pre-requisite to our review. One may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

---

[3] In supplemental briefing, Anderson also asserts his sentence violates *United States v. Booker*, - - U.S. - -, 125 S.Ct. 738 (2005) (applying *Blakely* to invalidate mandatory federal sentencing guidelines).

The petitioner must demonstrate that reasonable jurists would find the court's assessment of the claims debatable or wrong. *Id.* at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In reviewing for a COA, we are forbidden from giving full consideration to the factual or legal bases urged in support of the claims. To the contrary, we preview the claims and make a general assessment of their merit. *Id.* at 336. Although petitioner, in requesting a COA, is not required to prove the merits of the case, the threshold of proof is higher than good faith or lack of frivolity. *Id.* at 338.

We easily dispose of Anderson's *Blakely* claim, which, in supplemental briefing, has matured into a *Booker* claim. *See Booker*, - - U.S. - -, 125 S.Ct. 738 (applying *Blakely* to invalidate mandatory federal sentencing guidelines). "*Blakely* does not apply retroactively to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004." *United States v. Price,* 400 F.3d 844, 849 (10th Cir. 2005). "[A] conviction becomes final when the availability of a direct appeal has been exhausted, and the time for filing a certiorari petition with the Supreme Court has elapsed, or the Court has denied a timely certiorari petition." *Id.* at 846. Anderson's conviction became final when the Supreme Court denied his petition for certiorari on January 7, 2002. *See LaHue v. United States,* 534 U.S. 1083 (2002). Therefore, *Blakely* does not apply retroactively to his conviction. Inasmuch as *Booker* merely extended *Blakely* to invalidate the

-4-

federal sentencing guidelines, it too is not retroactively applicable to cases on collateral review.

Nonetheless, Anderson contends we should consider his *Blakely* (now *Booker*) claim because he raised an *Apprendi* claim in a supplemental brief on direct appeal. In effect, he does not argue that we should apply *Blakely* (now *Booker*) retroactively on collateral review, but, rather, that we should treat the *Apprendi* claim he raised in supplemental briefing on direct appeal as a *Blakely* (now *Booker*) claim *ab initio*. However, as we explained in *Price*, "after *Apprendi* but before *Blakely*, a court would not have felt compelled to conclude *Blakely's* rule was constitutionally required." 400 F.3d at 848 (alteration added). In other words, an *Apprendi* claim does not preserve a *Blakely (*now *Booker)* claim.

As to Anderson's contention that the district court erred in concluding he failed to set forth even a colorable *Brady* violation, we agree with the district court that Anderson's claim fails. To establish a *Brady* violation, a defendant must establish that: (1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material. *United States v. McElhiney*, 275 F.3d 928, 932 (10th Cir. 2001). After lengthy review of his claims, we agree with the district court's reasoning and conclude Anderson has failed to establish a *Brady* violation.

Based on the foregoing, there can be no debate as to the district court's resolution of Anderson's claims.  Accordingly, we DENY Anderson's request for COA and DISMISS the appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge